IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| EVAN SLEIGHT and ROBYNLEE SLEIGHT,<br><br>    Plaintiffs,<br><br><br><br>      vs.<br><br><br><br>FORD MOTOR COMPANY, ROCKAWAY CAR CENTER, INC., and TIM LAMONT WHITESIDES,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br><br><br><br><br>Case No. 1:11-CV-172 TS |

This matter is before the Court on Plaintiffs Evan and Robynlee Sleight's Motion to

Amend Complaint.[1]  Through their Motion, Plaintiffs seek to (1) add Rusty's Service LLC

("Rusty's") as a defendant, and (2) add further factual allegations related to Defendant

Whitesides.  On February 12, 2013, the Court heard oral argument on the Motion.[2]  For the

---

[1]Docket No. 23.

[2]Although the hearing was originally scheduled for argument on Defendant Whitesides' Motion to Dismiss (Docket No. 34) as well as Plaintiffs' Motion to Amend, the Court heard argument only on the Motion to Amend.  Because this matter will be remanded, the Court declines to rule on the Motion to Dismiss.

reasons discussed below, the Court will grant the Motion to Amend Complaint to the extent

Plaintiffs seek to add Rusty's as a defendant and will remand this case to the Second Judicial

District Court, State of Utah.

## I.  BACKGROUND

On March 29, 2010, Plaintiff Evan Sleight was driving his Ford Explorer south on

Interstate 15 in Box Elder County, Utah when the tread separated on the left rear tire of the

Explorer, causing him to lose control of the vehicle.  The Explorer left the highway and rolled

over repeatedly.  As a result of the accident, Mr. Sleight is now a quadriplegic.

Plaintiffs allege that Rusty's, which performed a safety inspection on the Explorer as well

as other maintenance, negligently "failed to observe evidence which would require the tire to be

taken out of service and which would not have allowed the vehicle to pass a safety inspection or,

at the very least, required that Plaintiff Sleight be warned about the problems with the tires."[3]

## II.  DISCUSSION

Because Rusty's is a Utah Company, its joinder would destroy complete diversity and

compel the remand of this case to state court.[4]  Plaintiffs do not, however, have a categorical

right to join a non-diverse party.[5]

Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of
the opposing party or the court.  Further, under Rule 19 the district court must

---

[3]Docket No. 24, at 4.

[4]*See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court.").

[5]*Id.*

determine whether the party sought to be joined is indispensable.  If so, Rule 19 requires the court either to join the party, in which case remand is necessary under [28 U.S.C.] § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed.  If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court.  In exercising this discretion, the district court typically considers several factors [including whether] the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .  If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court.  If the district court decides otherwise, it may deny joinder.[6]

There is a three-step process for determining whether a party is indispensable.  First, the Court must determine whether the absent party is "necessary."[7]  Second, if the absent party is necessary, the Court must determine whether joinder is feasible.[8]  Third, if joinder is not feasible, the Court must decide whether the absent party is "indispensable," that is, "whether in 'equity and good conscience' the action can continue in his absence."[9]

As to the first factor, a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties . . . ."[10]  Plaintiffs argue that if Rusty's is not joined, Utah's comparative fault scheme would prevent Plaintiffs from receiving complete relief because Rusty's would be assessed fault, but not liability.  Plaintiffs would then have to litigate a separate case against Rusty's in state court and would bear the risk of inconsistent verdicts.  Defendants respond that there will be no harm to Plaintiffs if their Motion to Amend is denied

---

[6]*Id.* at 951–52 (internal quotation marks and citations omitted) (first alteration added).

[7]*Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[8]*Id.*

[9]*Id.*

[10]Fed. R. Civ. P. 19(a)(1).

because the statute of limitations on Plaintiffs' negligence claim has not yet run, providing Plaintiffs further opportunity to pursue their claims against Rusty's in a separate action in state court.

Where a plaintiff seeks to add a non-diverse defendant and there is an applicable comparative fault statute, courts have found that potential tortfeasors who are not joined in the case are both necessary and indispensable.  Plaintiffs cite, for example, the Seventh Circuit's decision in *Estate of Alvarez v. Donaldson Co.*  The court in *Alvarez* affirmed a district court's finding that a failure to join nonparties in that case would be prejudicial to the plaintiff.  "Under the Indiana Comparative Fault Act, nonparties are assessed fault but not liability."[11]  The court reasoned that "[i]f fault were found the [plaintiff] would be unable to recover damages from them, requiring the [plaintiff] to follow up in state court."[12]  Accordingly, the court found that the district court had correctly joined the defendants as indispensable parties and then, because the additional parties were not diverse, dismissed the case for lack of diversity jurisdiction.[13]

The Court finds that under Utah's comparative fault scheme, Rusty's is a necessary party. If Rusty's is not joined, Plaintiffs would be required to pursue separate litigation in state court

---

[11]213 F.3d 993, 995 (7th Cir. 2000).

[12]*Id.*

[13]*Id.* at 996; *see also Amboy Bancorporation v. Bank Advisory Grp., Inc.*, 432 F. App'x 102, 111–12 (3d Cir. 2011) (finding that nonparty defendant was a necessary party because under New Jersey's Comparative Negligence Act, complete relief would not necessarily be accorded in nonparty's absence); *Abuhouran v. KaiserKane, Inc.*, 2012 WL 4027416 (D.N.J. Sept. 12, 2012) (finding that nonparties were necessary because, under New Jersey's Comparative Negligence Act, "there exists a very distinct likelihood that complete relief cannot be accorded among those already party to this action in the absence of [the nonparties]").

and would run the risk of inconsistent judgments.  In the instant case, pursuant to Utah's comparative fault scheme,[14] some or all of the fault (but not liability) might be allocated to Rusty's as a nonparty, while the joined Defendants are found to be without fault.  In a suit in state court against Rusty's, the reverse could be true.  Thus, complete relief would not be accorded to Plaintiffs in Rusty's absence.

The second factor for determining whether a nonparty is indispensable—whether joinder is feasible—is also met.  Because Rusty's is a non-diverse defendant, his joinder to this case would destroy subject matter jurisdiction.

Finally, because joinder is not feasible, the Court must determine whether in "equity and good conscience" the action can continue without Rusty's.  In making this determination the Court considers the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[15]

These factors weigh in favor of finding that Rusty's is indispensable.  First, the absence of Rusty's would be prejudicial to Plaintiffs because, as previously discussed, Rusty's could be assessed fault but not liability, requiring Plaintiffs to relitigate their claims against Rusty's in

---

[14]Utah Code Ann. §§ 78-5-817 to -823.

[15]Fed. R. Civ. P. 19(b).

state court and run the risk of inconsistent judgments.  Second, the prejudice could not be lessened.  Third, the judgment would not be adequate without Rusty's because Plaintiffs would have to relitigate their claims in state court to obtain relief from Rusty's.  Finally, Plaintiffs have an adequate remedy in state court if this case is remanded.

The Court therefore finds that Rusty's is an indispensable party and will grant the Motion to join it to this case.  Having done so, the Court finds itself without subject matter jurisdiction and therefore will not consider the Motion to Amend Complaint to the extent Plaintiffs seek to add further factual allegations against Defendant Whitesides.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Amend Complaint (Docket No. 23) is GRANTED.

The Clerk of the Court is directed to remand this matter to the Second Judicial District Court for Weber County, State of Utah and close this case forthwith.

DATED  February 19, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge